# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF
# GEORGIA ATLANTA DIVISION

| | |
|---|---|
| MARQUELLE HALL<br><br>Plaintiff,<br><br>v.<br><br>APRIO, LLP<br><br>Defendant. | Civil Action File No.<br>_____<br><br>(JURY TRIAL DEMANDED) |

## COMPLAINT FOR DAMAGES

COMES NOW Marquelle Hall ("Plaintiff") and files this Complaint against Aprio, LLP ("Defendant'), showing the Court as follows:

## JURISDICTION AND VENUE

1.

This action is brought pursuant to 42 U.S.C. §§ 2000e, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII") for race discrimination and disparate treatment. The jurisdiction of this Court is invoked by Plaintiff pursuant to 28 U.S.C. §§ 1331 and 1343. Equitable and other relief is sought under 42 U.S.C. 2000e-5(g).

1

2.

Defendant operates its business within the Northern District of Georgia. All actions by Defendant alleged herein occurred within the Northern District of Georgia. Venue is appropriate in this judicial district under 28 U.S.C. § 1391.

3.

Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on September 8, 2020, a true and accurate copy of which is attached as <u>Exhibit A</u> and incorporated by reference.

4.

The EEOC issued a Notice of Right to Sue dated August 5, 2022, a true and accurate copy of which is attached as <u>Exhibit B</u>. This lawsuit was filed within ninety days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

5.

Plaintiff properly and timely exhausted all applicable administrative remedies and conditions precedent for seeking judicial relief.

## **PARTIES**

6.

Plaintiff is African-American female who is a citizen of the United States, resident of the state of Georgia, subject to this Court's jurisdiction, and entitled to bring the claims asserted in the above-captioned case.

7.

Plaintiff was formerly employed by Defendant at a place of business within this judicial district. The causes of action pled herein arise in connection with Defendant's former employment of Plaintiff and its alleged employment practices within this judicial district.

8.

Defendant is a company that regularly transacts business in the state of Georgia operating within the Northern District and is subject to the jurisdiction of this Court. Defendant may be served with summons and process by service upon its registered agent, Registered Agents Inc., 300 Colonial Center Parkway, Ste. 100N, Roswell, Fulton County, Georgia 30076.

9.

All of the acts and omissions complained of herein occurred within the Northern District of Georgia.

10.

Defendant is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

11.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce.

## FACTUAL BACKGROUND

12.

Plaintiff began her employment with Defendant on or about January 3, 2020 and executed an Employee Agreement setting forth the scope of her duties and responsibilities.

13.

On March 10, 2020, Plaintiff received a meeting request from Defendant for a "new hire check-in".

14.

Plaintiff attended the meeting via teleconference and following a series of false accusations, was notified that she was being terminated immediately for a policy violation.

15.

Thereafter, Defendant submitted a Separation Notice to the Georgia Department of Labor identifying "Policy Violation" as the basis for Plaintiff's termination.

16.

Defendant contends that Plaintiff was terminated for violating two company policies which are set forth in Defendant's Employee Handbook.

17.

Specifically, Defendant based its termination decision on Plaintiff's alleged violation of the company's attendance policy and for maintaining outside employment.

18.

Defendant's attendance policy provides that employees are required to be available from 8:30 a.m. to 5:30 p.m. with a one hour lunch break. The policy further states that *"any absenteeism, tardiness, or failure to follow the attendance policy procedures may result in discipline, up to and including immediate termination."*

19.

Plaintiff is unaware of any alleged violations of the attendance policy during her tenure with Defendant.

20.

Plaintiff worked remotely and was never warned, disciplined or placed on notice of any such policy violation.

21.

There is nothing contained in Plaintiff's personnel file that would support Defendant's contention that Plaintiff was terminated for violating the company's attendance policy.

22.

Defendant also contends that Plaintiff was terminated for maintaining outside employment without notifying Defendant's Human Resources Department. This contention is false as Plaintiff did not maintain outside employment in violation of Defendant's policies and procedures.

23.

Defendant's actual motivation in terminating Plaintiff's employment was not the violation of Defendant's policies.

24.

Defendant's actual motivation in terminating Plaintiff's employment was not a legitimate, non-discriminatory, and non-retaliatory motivation.

## COUNT I:
## Title VII of the Civil Rights Act
## Race Discrimination/Disparate Treatment

25.

Plaintiff incorporates herein by reference as if restated verbatim each paragraph of her Complaint.

26.

Defendant engaged in intentional race discrimination in the terms and conditions of Plaintiff's employment, including, but not limited to, Plaintiff's termination on the basis of her protected status as an African-American employee.

27.

Defendant's conduct violates Title VII.

28.

Defendant violated its own policies by failing to issue a less severe discipline than termination of Plaintiff's employment for the alleged policy violations.

29.

Plaintiff was treated differently than similarly situated employees by Defendant in the terms and conditions of her employment because of her race.

30.

Similarly situated employees who are not members of a protected class were not terminated for the same policy violations.

31.

Defendant intentionally engaged in said discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

32.

As a direct result of Defendant's discrimination, Plaintiff suffered and continues to suffer harm, including but not limited to a loss of income, benefits, prestige and promotional opportunities, as well as mental and emotional distress and other actual and compensatory damages, for which she is entitled to recover from Defendant in an amount to be determined by the enlightened conscience of

the jury.

33.

Defendant's actions were willful, intentional, malicious, and conducted in bad faith with callous and/or reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to an award of punitive damages.

34.

Plaintiff is entitled to an award of costs, including reasonable attorneys' fees, as a result of Defendant's discrimination in violation of Title VII of the Civil Rights Act.

WHEREFORE, Plaintiff prays:

(a) That the Court declare the Defendant's actions, policies, and practices alleged herein violated Plaintiff's federally protected rights;

(b) for an award of all actual, compensatory, and special damages against Defendant, with prejudgment interest thereon, based on the evidence adduced at trial and as allowed by law for each of the causes of action set forth herein, including:

    (1) special damages for economic injuries as a consequence of Defendant's violations of Plaintiff's federally protected rights;

    (2) compensatory damages for Plaintiff's pain and suffering, mental and emotional distress, anxiety, humiliation, outrage, loss of

professional and personal reputation, as a consequence of Defendant's violations of her federally protected rights;

(3) all employee benefits of any type, or the equivalent value thereof, which the Plaintiff should have already received and is presently entitled to receive and/or would receive in the future, but for Defendant's wrongful conduct as alleged herein;

(4) back pay and retroactive increases in compensation, plus pre and post-judgment interest thereon; and

(5) front pay until Plaintiff is reinstated to her position or assigned to an equivalent or other appropriate position; and

(c) punitive damages as determined by the enlightened conscious of the jury;

(d) an assessment of costs of this action, including reasonable attorneys' fees;

(e) a trial by jury of all issues so triable; and

(f) all such other and further monetary relief as allowed by law and/or deemed just and proper by the Court and/or the jury in this case based upon the causes of action set forth above and/or proven at trial.

Respectfully submitted this 3rd day of November, 2022.

                              **THE LAW OFFICES OF**
                              **CURTIS J. MARTIN II**
                              By: /s/ Curtis J. Martin II
                                  Ga. Bar No. 427427

                              1800 Peachtree Street, N.W.
                              Suite 809
                              Atlanta, Georgia 30309
                              Phone: (404) 948-4404 Phone
                              Email: cjm@curtisjmartinlaw.com
                              *Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to N.D. Ga. Local Rule 7.1D, I certify that the foregoing **Complaint for Damages** was prepared using Times New Roman 14 point font, a font and point selection approved by the Court in Local Rule 5.1B.

By: /s/ Curtis J. Martin II

# EXHIBIT A

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

_____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Marquelle Hall | 4049095786 | 2/15/82 |

Street Address: 905 Norwood Lane Alpharetta, Georgia 30004

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Aprio, LLP | 100 | |

Street Address: Five Concourse Parkway, Suite 1000 Atlanta, Georgia 30328

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 3/10/20   Latest: 3/10/20
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

Ms. Hall began her employment with Aprio as a Senior Accountant on or about January 3, 2020 and executed an Employee Agreement setting forth the scope of her duties and responsibilities. On March 10, 2020, Ms. Hall received a meeting request from Ms. Ellie McLaughlin for a new hire check-in. Ms. Hall attended the teleconference and following a series of accusations, was notified that she was being terminated immediately for a policy violation. Thereafter, Aprio submitted a Separation Notice to the Georgia Department of Labor identifying Policy Violation as the basis for the termination.

Aprio contends that Ms. Hall was terminated for violating two company policies which are set forth in Aprio's Employee Handbook. Specifically, Aprio contends that Ms. Hall was terminated for violating the company's attendance policy and for maintaining outside employment without proper notification to Aprio's Human Resources Department.

Ms. Hall is unaware of any alleged violations of the attendance policy during her tenure with Aprio. Ms. Hall worked remotely and was never warned, disciplined or placed on notice of any such policy violation. Moreover, there is nothing contained in Ms. Hall's personnel file that would support Aprio's contention that she was terminated for violating the company's attendance policy.

Aprio also contends that Ms. Hall was terminated for maintaining outside employment without notifying Aprio's Human Resources Department. This statement is false since Ms. Hall did not maintain any outside employment during her tenure with Aprio.

Ms. Hall has been discriminated against based upon her protected status as an African-American female. Ms. Hall was allegedly disciplined for violating a work rule which she did not violate and her treatment was more severe than other employees who are not African-American.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 9/8/2020
Charging Party Signature: *Marquelle A. Hall*

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT: *Marquelle A. Hall*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year): September 8, 2020

[Notary Seal: TANYA R JOHNSON, NOTARY PUBLIC, ROCKDALE COUNTY, GA, Exp. Apr. 26, 2021]

# EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website:  www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/05/2022

**To:** Ms. Marquelle Hall
905 Norwood Lane
Alpharetta, GA 30004
Charge No: 410-2020-08165

EEOC Representative and email:    Samantha McKinney
Investigator
samantha.mckinney@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2020-08165.

On behalf of the Commission,

Digitally Signed By:Darrell Graham
08/05/2022

Darrell Graham
District Director

**Cc:**
Larry Sheftel
APRIO, LLP
5 CONCOURSE PKWY STE 1000
Atlanta, GA 30328

Todd Duffield
Ogletree Deakins
191 Peachtree Street Suite 4800
Atlanta, GA 30303

Curtis J Martin
THE LAW OFFICES OF CURTIS J. MARTIN, II
1800 Peachtree St., N.W. Suite 809
Atlanta, GA 30309

Curtis J Martin
Law Offices of Curtis J. Martin II
1800 Peachtree Street NW Suite 809
ATLANTA, GA 30309


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 410-2020-08165 to the District Director at Darrell Graham, 100 Alabama Street, SW Suite 4R30

Atlanta, GA 30303.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.